**Tian REN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–5664.

United States Court of Appeals, Second Circuit.

Feb. 23, 2004.

Tao Lin (Huiyue Qiu), Caesar & Napoli, New York NY, for Petitioner, of counsel.

Andrew M. McNeela, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, James B. Comey, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent, of counsel.

Present: OAKES, KEARSE and CABRANES, Circuit Judges.

## AMENDED SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is hereby **DENIED.**

Tian Ren, a native of the People's Republic of China, petitions this Court for review of a September 30, 2002 order of the Board of Immigration Appeals ("BIA"). The BIA affirmed a December 15, 1999 decision of an Immigration Judge ("IJ") denying Ren's application for asylum, withholding of removal, and voluntary departure under the Immigration and Nationality Act of 1952, as amended ("INA"), denying relief under Article 3 of the United Nations Convention Against Torture ("Torture Convention"), and ordering Ren removed from the United States. In his petition, Ren contends that the BIA erred when it determined that he was not eligible for either political asylum or withholding of exclusion.

In 1998, Ren applied to the Immigration and Naturalization Service ("INS") for asylum, alleging that he left China because of persecution stemming from that country's family planning policy. In particular, Ren claimed that his wife had been forced to undergo an abortion in 1993, and that in 1998 he was threatened with forced sterilization. Ren later amended his application to assert that he had been forcibly sterilized in China. In support of the claim that he was forcibly sterilized, Ren submitted to the IJ a December 29, 1998 report from Dr. Christina Yeong Ko. In the report, Dr. Ko noted that she could not see any scars on Ren's scrotum, but concluded, based on a lab test result that found no observable sperm in a sample of Ren's semen, that Ren had likely undergone a

bilateral vasectomy. After a hearing at which Ren testified, the IJ denied Ren's application for asylum, withholding of deportation, and relief under the Torture Convention. The IJ based her decision on several findings. First, the IJ found that Ren's demeanor at the hearing indicated that he was not credible. The IJ observed that Ren was "extremely hesitant when giving the details of his own vasectomy," and that his testimony was "choppy" and "appeared at many times rehearsed." Additionally, the IJ noted that the medical report submitted by Ren to support his claim of sterilization contradicted his own testimony. Specifically, while Dr. Ko said that Ren "was examined by [her] for evidence of bilateral vasectomy," and that she "could not clearly see the scars on [Ren's] scrotum," Ren testified that Dr. Ko *never* physically examined him, and that he *never* disrobed in Dr. Ko's presence.

With respect to Ren's claim that his wife had been forced to undergo an abortion, the IJ observed that, at the hearing, Ren was completely unaware that he had submitted an "abortion certificate" to substantiate this claim. Similarly, the IJ discounted Ren's assertion that he escaped from the custody of family planning officials on the grounds that Ren was not responsive to basic questions about this alleged incident. Because the IJ found that none of Ren's allegations of past persecution were credible, the IJ concluded that Ren was not eligible for relief, and ordered him deported.

On September 30, 2002, the BIA summarily affirmed the IJ's decision and adopted it as the "final agency determination." In reviewing the BIA's decision, we apply the substantial evidence test to the Board's factual findings and reverse only if no reasonable factfinder could have arrived at the same conclusion as the Board.

*Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000).

Because the standard for evaluating applications for withholding of deportation is more stringent than the standard for asylum claims, an applicant must show eligibility for asylum before eligibility for withholding of deportation need be considered. *See Qiu v. Ashcroft,* 329 F.3d 140, 147–48 (2d Cir.2003). To obtain asylum, an applicant must establish that he is a "refugee"– that is, a person who is unable to return to his native country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). In 1996, Congress amended the statutory definition of "refugee" to provide that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion." *See Illegal Immigration Reform and Immigrant Responsibility Act of 1996* ("IIRIRA"), Pub.L. No. 104–208, Div. C, § 601(a)(1), 110 Stat. 3009–546, 3009–689 (Sept. 30, 1996) (amending 8 U.S.C. § 1101(a)(42)). Further, we have explained that, if an alien can establish that his or her spouse has been subjected to forced sterilization or abortion, he has established past persecution against himself. *See Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 92 (2d Cir. 2001) (citing *In re C–Y–Z–,* 21 I. & N. Dec. 915, 1997 WL 353222 (BIA June 4, 1997)). Thus, if Ren could prove either that he was forcibly sterilized or that his wife was forced to undergo an abortion, he would be eligible for asylum.

Based on our review of the IJ's decision, which was adopted by the BIA, we con-

clude that the IJ had substantial evidence on which to base its determination that Ren in fact is not entitled to asylum. In light of the IJ's findings, and particularly the IJ's assessment of Ren's demeanor, which must be "accord[ed] great weight" by this Court, *Kokkinis v. Dist. Dir. of INS*, 429 F.2d 938, 941–42 (2d Cir.1970), we affirm the BIA's order, and deny Ren's petition for review.

We have considered all of petitioner's claims on appeal and we hereby **AFFIRM** the BIA's order, and deny the petition for review.